Dana L. Sullivan
Oregon Bar No. 944834
**BUCHANAN ANGELI
SULLIVAN & FERRER LLP**
621 Southwest Morrison Street, Suite 1250
Portland, Oregon 97205
Telephone:    503.974.5015
Facsimile:    971.230.0337
Email:    dana@basf.law

Michael A. Josephson (*pro hac vice forthcoming*)
Andrew W. Dunlap (*pro hac vice forthcoming*)
**JOSEPHSON DUNLAP LLP**
5847 San Felipe, Suite 2400
Houston, Texas 77057
Telephone:    713.352.1100
Facsimile:    713.352.3300
Emails:    mjosephson@mybackwages.com
       adunlap@mybackwages.com

Richard J. (Rex) Burch (*pro hac vice forthcoming*)
**BRUCKNER BURCH PLLC**
5847 San Felipe, Suite 2400
Houston, Texas 77057
Telephone:    713.877.8788
Email:    rburch@brucknerburch.com

*Attorneys for Gonzales and
the Hourly Employees*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| TREY GONZALES, Individually and for Others Similarly Situated, | Civil No. _____ |
| Plaintiff, | **ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| METRO WEST AMBULANCE SERVICE, INC., and HMW SERVICES, INC. d/b/a BAY CITIES AMBULANCE, | **(1) Failure to Pay Overtime Wages (Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*);** |
| Defendants. | |

Page | 1 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

**(2) Failure to Pay Overtime Wages (Oregon Revised Statutes, ORS § 653.261 and OAR 839-020-0030).**

**(3) Failure to Provide Compliant Meal periods (ORS § 653.261 and OAR 839-020-0050)**

**(4) Failure to Pay All Earned Wages (ORS § 652.120).**

**(5) Failure to Pay for All Hours Worked (Cal. Lab Code § 1194)**

**(6) Failure to Pay Overtime & Double Time (Cal. Lab Code § 510)**

**(7) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 226.7 and 512)**

**(8) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226)**

**(9) Failure to Reimburse for Necessary Business Expenses (Cal. Lab. Code § 2802);**

**(10) Unlawful Business Practices (Bus. & Prof. Code §§ 17200 *et seq.*)**

**DEMAND FOR JURY TRIAL**

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1.      Trey Gonzales (Gonzales) brings this class and collective action to recover unpaid wages and other damages from Metro West Ambulance Service, Inc. ("Metro West") and HMW Services, Inc. d/b/a Bay Cities Ambulance ("Bay Cities") (Metro West and Bay Cities collectively referred to as the "Defendants").

2. Defendants jointly employed Gonzales as one of their Hourly Employees (defined below).

3. Defendants pay Gonzales and the other Hourly Employees by the hour.

4. But Defendants do not pay them for all hours worked.

5. Instead, Defendants automatically round Gonzales's and the other Hourly Employees' clock in and clock out times to the nearest quarter hour (Defendants' "rounding policy").

6. Defendants' automatic rounding is done for their own primary benefit and to the detriment of these employees.

7. And Defendants do not provide or make available a meaningful opportunity to take a *bona fide*, compliant 30-minute meal period, even on an on-duty basis, to Gonzales and the other Hourly Employees (Defendants' "meal period policy").

8. Instead, Defendants require Gonzales and the other Hourly Employees to remain on duty and perform their regular job duties throughout their shifts.

9. Due to the continuous and unpredictable nature of their work, including dispatch obligations and response requirements, Gonzales and the other Hourly Employees are unable to take a 30-minute uninterrupted meal period or any meaningful respite from work duties.

10. Defendants' failure to provide Gonzales and other Hourly Employees with compliant, *bona fide* meal periods violates Oregon and California law.

11. Further, Defendants frequently do not authorize, permit, and make available compliant rest periods to Gonzales and the other Hourly Employees, which they are entitled to under the California Labor Code and relevant Wage Orders ( Defendants' "rest period policy").

12. Thus, Defendants fail to authorize, permit, and/or make available required rest periods to Gonzales and the other Hourly Employees.

13. And Defendants do not provide premium compensation to Gonzales and the other Hourly Employees for missed and denied meal and/or rest periods.

14. Additionally, Defendants pay Gonzales and the other Hourly Employees nondiscretionary bonuses that it excludes from their regular rates of pay for overtime purposes (Defendants' "bonus pay scheme").

15. Defendants' rounding policy and bonus pay scheme violate the Fair Labor Standards Act (FLSA) by depriving Gonzales and the other Hourly Employees of overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

16. And Defendants' violative policies and practices result in non-compliant wage statements.

17. Among other omissions and shortcomings, the wage statements Defendants provide to Gonzales and the other Hourly Employees fail to accurately reflect their total hours worked, gross wages earned, net wages earned, and/or premium pay owed.

18. Defendants' rounding policy, meal period policy, and bonus pay scheme violate the FLSA, California law, and Oregon law by depriving Gonzales and other Hourly Employees of wages, including overtime wages of at least 1.5 times their regular rates of pay—based on all remuneration—for all hours worked in excess of 40 in a workweek.

19. Likewise, as a result of their rounding policy, meal period policy, and bonus pay scheme, Defendants willfully withhold earned wages from Gonzales and other Hourly Employees in violation of Oregon law.

## JURISDICTION AND VENUE

20. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b).

Page | 4 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

21. This Court also has supplemental jurisdiction over the state-law subclass claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

22. This Court has general personal jurisdiction over Defendants with respect to this action because Defendants are Oregon corporations.

23. Venue is proper because Metro West maintains its principal place of business in Washington County, Oregon, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

24. Defendants have employed Gonzales as an EMT since approximately June 2023.

25. Throughout his employment, Defendants classified Gonzales as non-exempt and paid him by the hour.

26. Defendants subject Gonzales to their rounding policy, meal period policy, rest period policy, and bonus pay scheme.

27. Gonzales brings this class and collective action on behalf of himself and similarly situated employees.

28. The putative FLSA collective of similarly situated employees is defined as:

> **All hourly employees who Defendants employed under their rounding policy and/or bonus pay scheme during the past 3 years through final resolution of this action (the "FLSA Collective Members").**

29. Gonzales seeks to represent a putative Oregon class pursuant to Fed. R. Civ. P. 23 defined as:

> **All hourly employees in Oregon who Defendants employed under their rounding policy, meal period policy, and/or bonus pay scheme during the past 6 years through final resolution of this action (the "Oregon Class Members").**

30. Gonzales seeks to represent a putative California class pursuant to Fed. R. Civ. P. 23 defined as:

**All hourly employees in California who Defendants employed under their rounding policy, meal period policy, rest period policy, and/or bonus pay scheme during the past 4 years through final resolution of this action (the "California Class Members").**

31.  The FLSA Collective Members, Oregon Class Members, and California Class Members are collectively referred to as the "Hourly Employees."

32.  Metro West is an Oregon corporation headquartered in Hillsboro, Oregon.

33.  Metro West may be served through its registered agent: **JD Fuiten, 5475 NE Dawson Ck. Dr., Hillsboro, Oregon 97123**, or wherever he may be found.

34.  Bay Cities is an Oregon corporation.

35.  Bay Cities maintains its headquarters in Coos Bay, Oregon.

36.  Bay Cities may be served with process through its registered agent: **JD Fuiten, 5475 NE Dawson Ck. Dr., Hillsboro, Oregon 97123**, or wherever he may be found.

37.  Metro West and Bay Cities share common ownership and management.

38.   For example, JD Fuiten holds an ownership interest in both entities and manages both entities as president of each.

### FLSA COVERAGE

39.  At all relevant times, Defendants were a joint "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

40.  At all relevant times, Defendants were an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

41.  At all relevant times, Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, tools, and personal protective equipment – that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

Page | 6 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

42.     At all relevant times, Defendants have had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

43.     At all relevant times, Gonzales and the other Hourly Employees were Defendants' "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

44.     At all relevant times, the Hourly Employees were engaged in commerce or in the production of goods for commerce.

**FACTS**

45.     Metro West "has been a trusted provider of emergency medical services in the Pacific Northwest for over 70 years . . . [and] has grown into a family of 12 companies with more than 1,500 employees."[1]

46.     Bay Cities, as one of the 12 companies comprising Metro West, provides "advanced life support 9-1-1 ambulance response for the communities of Coos Bay, North Bend, Charleston, Hauser, North Bay, Millington, Green Acres, Sumner, City of Bandon, Roseburg, and the Oregon Sand Dunes . . . [and] partners with ten different first response agencies, assisting with continuing education, medical supplies, protocol review, and more."[2]

47.     Metro West and Bay Cities share common ownership, officers, directors, and management that maintain the right to control each entity and indeed exercise this right.

48.     Metro West and Bay Cities engage in business activities and employ workers that serve common business purposes to each entity.

49.     That is, Metro West and Bay Cities, together, operate as a single, unified, ambulance services enterprise employing the Hourly Employees.

---

[1] https://www.metrowest.us.com/history/ (last visited June 24, 2026).
[2] https://baycitiesambulance.com/?page_id=49 (last visited June 24, 2026).

50. To meet their shared business objectives, Defendants hire employees, like Gonzales and the other Hourly Employees.

51. Defendants classify Gonzales and the other Hourly Employees as non-exempt and pay them by the hour.

52. While exact job titles and locations may differ, Gonzales and the other Hourly Employees are all subject to Defendants' same or similar policies, their rounding policy, meal period policy, rest period policy, and/or bonus pay scheme, for similar work.

53. For example, Defendants have employed Gonzales as an EMT in and around Coos County, Oregon since approximately June 2023.

54. Gonzales's job duties included observing and assessing patients, administering appropriate medical care to patients, and transporting patients to the appropriate medical facilities in response to emergency 911 calls, as well as during interfacility transfers.

55. Due to the nature of Gonzales's job duties and the geographic proximity of Defendants' operations, Gonzales is required to occasionally travel and perform work on behalf of Defendants in California.

56. Defendants expect and require Gonzales and the other Hourly Employees to remain ready to respond to calls at all times.

57. Gonzales and the other Hourly Employees are thus not able to leave their posts, disengage from work duties, or take uninterrupted meal or rest periods during their shifts.

58. Defendants pay Gonzales approximately $17.13 an hour.

59. Gonzales reports his "on the clock" hours to Defendants through their timekeeping system.

60. Defendants' records reflect the hours Gonzales works each week "on the clock."

Page | 8 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

61. Throughout his employment, Gonzales has typically worked 5 days per week consisting of 12-hour shifts each workweek (60 hours a workweek) "on the clock."

62. Likewise, the other Hourly Employees typically work approximately 60 hours a week, "on the clock."

63. And each pay period, Defendants pay and provide benefits to Gonzales and the other Hourly Employees based on common systems and methods they jointly select and control.

64. Defendants require Gonzales and the other Hourly Employees to abide by common work, time, pay, meal period, rest period, and overtime policies and procedures.

65. But Defendants do not pay Gonzales and the other Hourly Employees for all their hours worked, including overtime hours.

66. Instead, Defendants impose their rounding policy on Gonzales and the other Hourly Employees.

67. Specifically, Defendants automatically round their recorded hours to the nearest quarter hour for Defendants' primary benefit and to the detriment of the Hourly Employees, which, over time, results in a net underpayment of wages to Hourly Employees.

68. Defendants prohibit Gonzales and the other Hourly Employees from clocking in for their shifts more than 7.5 minutes before their start times and clocking out more than 7.5 minutes after their end times.

69. Defendants take disciplinary action or threaten to do so if Gonzales and the other Hourly Employees clock in more than 7.5 minutes prior to their scheduled start time or clock out more than 7.5 minutes after their scheduled end time.

70. Likewise, Defendants take disciplinary action or threaten to do so if Gonzales or other Hourly Employees clock in past their scheduled start time or clock out before their scheduled end time.

Page | 9 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

71. Defendants further require and expect Gonzales and the other Hourly Employees to perform their normal job duties immediately upon clocking in.

72. By enforcing these policies, Defendants ensure their joint rounding policy benefits Defendants to the detriment of Gonzales and the other Hourly Employees, including by systematically preventing employees from capturing all compensable work time before and after scheduled shifts.

73. Additionally, Defendants require these employees to continue performing their normal job duties throughout their shifts and do not provide them with *bona fide* meal periods nor provide a meaningful opportunity to take a 30-minute uninterrupted meal period, even on a paid on-duty basis.

74. Instead, Defendants require Gonzales and the other Hourly Employees to remain continuously engaged in compensable work duties throughout their shifts, for Defendants' benefit, including during purported meal periods, such that no *bona fide* meal period occurs and any purported on-duty meal period is functionally indistinguishable from regular working time.

75. Thus, Gonzales and the other Hourly Employees routinely spend their entire shifts performing work for Defendants', not their own, benefit, without any meaningful opportunity for meal or rest periods throughout their shifts.

76. And, throughout their employment, Defendants failed to provide Gonzales and the other Hourly Employees with wage statements that accurately reflected all hours worked and all net and gross wages they actually earned at the required rates.

77. Defendants failed to reimburse Gonzales and other Hourly Employees, as required by California law, for necessary business expenses they incurred in the course of performing their jobs.

78. For example, Defendants failed to reimburse Gonzales for stethoscopes, boots, pants, and shirts.

79.     Finally, Defendants subject Gonzales and the other Hourly Employees to their bonus pay scheme.

80.     Specifically, Defendants agree to pay and subsequently pay Gonzales and the other Hourly Employees non-discretionary bonuses, including shift bonuses and differentials, based on their criteria.

81.     But Defendants exclude these non-discretionary bonuses from Gonzales's and the other Hourly Employees' regular rates of pay for overtime purposes during workweeks the bonuses are earned.

82.     Thus, Defendants fail to pay Gonzales and the other Hourly Employees at least 1.5 times their regular rates of pay, based on all remuneration, for hours worked in excess of 40 in a workweek.

83.     Under their rounding policy, meal period policy, rest period policy, and bonus pay scheme, Defendants fail to pay and willfully withhold earned wages, including overtime wages, from Gonzales and the other Hourly Employees and fail to provide compliant meal and rest periods, in violation of the FLSA, California, and Oregon law.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

84.     Gonzales brings his claims on behalf of himself and the other Hourly Employees as a class and collective action.

85.     Like Gonzales, the other Hourly Employees are victimized by Defendants' rounding policy, meal period policy, rest period policy, and/or bonus pay scheme.

86.     Other Hourly Employees worked with Gonzales and indicated they were paid in the same or similar manner and performed similar work subject to Defendants' rounding policy, meal period policy, rest period policy, and/or bonus pay scheme.

87.     Based on his experience, Gonzales is aware Defendants' rounding policy, meal period policy, rest period policy, and bonus pay scheme were imposed on other Hourly Employees.

88.     The putative classes of Hourly Employees include more than 40 members.

89.     Thus, the putative classes of Hourly Employees are so numerous that joinder of all class members in one lawsuit is not practicable.

90.     The Hourly Employees are similarly situated in the most relevant respects.

91.     Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to earned wages, overtime wages, and compliant meal periods.

92.     The only relevant inquiry is whether the Hourly Employees were subject to Defendants' rounding policy, meal period policy, rest period policy, and/or bonus pay scheme.

93.     Therefore, the specific job titles or locations of the Hourly Employees do not prevent class or collective treatment.

94.     Rather, Defendants' rounding policy, meal period policy, rest period policy, and bonus pay scheme render Gonzales and the other Hourly Employees similarly situated for the purpose of determining their right to earned wages, including overtime wages, and *bona fide* meal and rest periods.

95.     Defendants' records reflect the numbers of hours the Hourly Employees worked each week "on the clock."

96.     Defendants' records reflect that it automatically rounded the Hourly Employees' hours to the nearest quarter hour for their own primary benefit.

97.     Defendants' records also reflect that it failed to provide compliant meal periods to the Hourly Employees.

98.     Defendants' records further reflect it paid the Hourly Employees non-discretionary bonuses and shift differentials it excluded from their regular rates of pay for overtime purposes.

99.     The wages owed to Gonzales and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

100.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Defendants' records, and there is no detraction from the common nucleus of liability facts.

101.     Therefore, the issue of damages does not preclude class or collective treatment.

102.     Gonzales's experiences are typical of the experiences of the other Hourly Employees.

103.     Gonzales has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

104.     Gonzales has an interest in obtaining the unpaid wages owed to the Hourly Employees under federal, California, and Oregon law.

105.     Gonzales and his counsel will fairly and adequately protect the interests of the other Hourly Employees.

106.     Gonzales retained counsel with significant experience litigating complex class and collective actions.

107.     A class and collective action is superior to other available means for the fair and efficient adjudication of this lawsuit.

108.     Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and Defendants will reap the unjust benefits of violating federal, California, and Oregon law.

109.     Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

110.     Indeed, the multiplicity of actions would create a hardship for the Hourly Employees, the Court, and Defendants.

111.    Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

112.    The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

113.    Among the common questions of law and fact are:

(a)    Whether Defendants rounded the Hourly Employees' hours to the nearest quarter hour for their primary benefit;

(b)    Whether Defendants engaged in a policy and practice of failing to provide compliant "meal breaks";

(c)    Whether Defendants failed to provide the Hourly Employees with *bona fide* meal breaks and/or rest periods in violation of Oregon and/or California law;

(d)    Whether Defendants paid the Hourly Employees non-discretionary bonuses that they failed to include in their regular rates of pay;

(e)    Whether Defendants failed to pay the Hourly Employees overtime at rates of at least 1.5 times their regular rates of pay, based on all remuneration, for all hours worked after 40 in a week;

(f)    Whether Defendants willfully withheld earned wages from the Hourly Employees;

(g)    Whether Defendants' decision not to pay the Hourly Employees overtime wages at the required rate for all overtime hours worked was made in good faith;

(h)    Whether Defendants' decision to withhold earned wages from the Hourly Employees was made in good faith; and

(i)    Whether Defendants' violations were willful.

Page | 14 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

114.    There are many similarly situated Hourly Employees who have been denied overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

115.    The notice should be sent to the Hourly Employees pursuant to 29 U.S.C. § 216(b).

116.    The Hourly Employees are known to Defendants, are readily identifiable, and can be located through Defendants' joint business and personnel records.

### DEFENDANTS' VIOLATIONS WERE WILLFUL

117.    Defendants knew they were subject to the overtime provisions of the FLSA, California law, and Oregon law.

118.    Defendants knew the Hourly Employees were hourly, non-exempt and entitled to overtime.

119.    Defendants knew the FLSA, California, and Oregon law required it to pay non-exempt employees, including the Hourly Employees, overtime at rates not less than 1.5 times their regular rates of pay, based on all remuneration, for all hours worked after 40 in a workweek.

120.    Defendants knew they were subject to Oregon law.

121.    Defendants knew Oregon law prohibited them from willfully withholding earned wages from employees, including the Hourly Employees.

122.    Defendants knew each Hourly Employee worked more than 40 hours in at least one workweek during relevant period(s).

123.    And Defendants knew that it paid the Hourly Employees non-discretionary bonuses, including shift bonuses and differentials.

124.    And Defendants knew they were required to, but did not, include this compensation in their regular rates of pay for overtime purposes.

125.    Defendants knowingly and intentionally implemented and maintained policies that

they knew resulted in the underpayment of wages and the denial of legally compliant meal and rest periods in violation of the FLSA, California law, and Oregon law.

126.    Defendants knowingly, willfully, and/or in reckless disregard of applicable federal, California, and Oregon law carried out employment policies that systematically deprived their Hourly Employees of *bona fide* meal periods, earned wages, and premium overtime pay at the required rates.

## FIRST CLAIM FOR RELIEF
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (FLSA COLLECTIVE)

127.    Gonzales brings his FLSA claims as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

128.    Defendants violated, and are violating, the FLSA by employing non-exempt employees, such as the FLSA Collective Members, in a covered enterprise for workweeks longer than 40 hours without paying such employees overtime wages at rates of at least 1.5 times their regular rates of pay, based on all remuneration, for hours worked in excess of 40 in a workweek.

129.    Defendants' unlawful conduct harmed the FLSA Collective Members by depriving them of the overtime wages they are owed.

130.    Accordingly, Defendants owe Gonzales and the other FLSA Collective Members the difference between the wages actually paid and the overtime wages actually earned.

131.    Because Defendants knew or showed reckless disregard for whether their rounding policy and bonus pay scheme violated the FLSA, Defendants owe the FLSA Collective Members these wages for at least the past 3 years.

132.    Defendants are also liable to the FLSA Collective Members for an amount equal to all their unpaid overtime wages as liquidated damages.

133.    Finally, the FLSA Collective Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

Page | 16 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SECOND CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME UNDER OREGON LAW
### (OREGON CLASS)

134. Gonzales brings his Oregon claim as a class action on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

135. At all relevant times, Defendants "employed" Gonzales and each Oregon Class Member within the meaning of the Oregon wage laws. *See* O.R.S. § 653.010(2).

136. At all relevant times, Gonzales and each Oregon Class Member were covered "employees" entitled to overtime compensation. *See* O.R.S. § 653.020.

137. Under ORS § 653.261 and OAR 839-020-0030, employers, like Defendants, are required to pay employees, including Gonzales and the other Oregon Class Members, overtime wages of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 hours a workweek.

138. Defendants violated, and are violating, Oregon overtime laws by failing to pay Gonzales and the other Oregon Class Members overtime wages of at least 1.5 times their regular rates of pay, based on all remuneration, for all hours worked in excess of 40 each workweek. *See* O.R.S. § 653.261; O.A.R. 839-020-0030.

139. Gonzales and the other Oregon Class Members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work that they performed and from which Defendants derived a direct and substantial benefit.

140. Defendants knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Gonzales and the other Oregon Class Members overtime compensation, based on all remuneration, for all overtime hours worked.

141. Defendants' failure to pay these employees overtime compensation based on all remuneration for all overtime hours worked was neither reasonable, nor was the decision not to pay them overtime compensation for all overtime hours worked made in good faith.

142. Accordingly, Gonzales and the other Oregon Class Members are entitled to recover their unpaid overtime compensation, civil penalties pursuant to ORS § 652.150, pre- and post-judgment interest at a rate of 9% per annum, and attorneys' fees and costs. *See* O.R.S. §§ 653.055(1) and (4); O.R.S. § 652.200; O.R.S. § 82.010.

### THIRD CLAIM FOR RELIEF
### FAILURE TO PROVIDE MEAL PERIODS
### (OREGON CLASS)

143. Gonzales brings his Oregon law claim for unpaid earned wages on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

144. At all relevant times, Defendants were an "employer" within the meaning of Oregon wage laws. *See* ORS § 653.010(3).

145. At all relevant times, Defendants "employed" Gonzales and each Oregon Class Member within the meaning of Oregon wage laws. *See* O.R.S. § 653.010(2).

146. At all relevant times, Gonzales and each Oregon Class Member were covered "employees" entitled to overtime compensation. *See* O.R.S. § 653.020.

147. Under ORS § 653.261 and OAR 839-020-0050, employers, like Defendants, are required to provide employees, including Gonzales and the Oregon Class Members, a meal period of at least 30 continuous minutes, completely relieved of all duties, during work periods of 6 hours or more.

148. Defendants violated, and are violating, Oregon meal period laws by failing to provide Gonzales and the Oregon Class Members with *bona fide*, continuous, and uninterrupted 30-minute meal periods.

149. Because the Oregon Class Members remain on duty, are subject to interruptions, are regularly interrupted, and/or are not completely relieved of all duties during "meal periods," Defendants violate Oregon law. *See* ORS § 653.261 and OAR 839-020-0050.

150. Defendants' violations of Oregon meal period requirements were willful because it was implemented purposefully and not a product of inadvertence. *See* ORS § 652.150.

151. Accordingly, Gonzales and the Oregon Class Members are entitled to declaratory relief that Defendants' meal period policies violate Oregon meal period requirements.

152. Gonzales and the Oregon Class Members are further entitled to recover their actual damages in the form of back wages, as well as pre- and post-judgment interest at a rate of 9% per annum, and attorneys' fees and costs. *See* ORS §§ 82.010, 652.615, 652.200.

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO PAY ALL EARNED WAGES**
**(OREGON CLASS)**

153. Gonzales brings his claim for failure to pay all earned wages on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

154. At all relevant times, Defendants were an "employer" within the meaning of Oregon law. *See* ORS § 653.010(3).

155. At all relevant times, Defendants "employed" Gonzales and the other Oregon Class Members within the meaning of Oregon law. *See* ORS § 653.010(2).

156. At all relevant times, the Oregon Class Members were covered "employees" within the meaning of Oregon law. *See* ORS § 653.020.

157. Employers, like Defendants, are required to pay employees, such as the Oregon Class Members, all wages earned and due for all hours worked. *See* ORS 652.120.

158. Defendants violated, and are violating, Oregon law by failing to pay the Oregon Class Members for all hours worked, including compensable time worked before and after their shifts and during "meal periods."

159. Defendants knowingly, willfully, or in reckless disregard carried out this unlawful pattern or practice of failing to pay all earned wages to Gonzales and the other Oregon Class Members.

Page | 19 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

160.     Accordingly, Gonzales and the other Oregon Class members are entitled to recover all unpaid wages, pre- and post-judgment interest at a rate of 9% per annum, and attorneys' fees and costs. *See* ORS §§ 653.055, 652.200, 82.010.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO PAY FOR ALL HOURS WORKED
### PURSUANT TO CAL. LAB. CODE § 1194
### (CALIFORNIA CLASS)

161.     Gonzales brings his straight time wages claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of himself and the other California Class Members pursuant to Fed. R. Civ. P. 23.

162.     At all relevant times, Defendants were subject to the Labor Code and applicable Wage Order(s) because Defendants were (and are) "employers" within the meaning of the Labor Code and applicable Wage Order(s).

163.     At all relevant times, Defendants employed Gonzales and the other California Class Members as covered "employees" within the meaning prescribed in the Labor Code.

164.     Defendants expect and/or require Gonzales and the California Class Members to under-report their hours worked through their rounding policy.

165.     During workdays and/or workweeks in which Gonzales and the California Class Members do not work overtime hours, such off-the-clock work still results in Gonzales and the California Class Members not being paid for all hours worked.

166.     Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

167.     Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece,

Page | 20 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

commission basis, or other method of calculation."

168.    Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

169.    IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

170.    Defendants require Gonzales and the California Class Members to perform substantial hours of work that are not captured in Defendants' timekeeping records.

171.    Defendants' rounding policy encourages and/or requires Gonzales and the California Class Members to under-report their actual hours worked, which also results in Gonzales and California Class Members under-reporting their straight time hours worked.

172.    Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Gonzales and the California Class Members for all hours worked or spent in Defendants' control.

173.    In other words, Gonzales and the California Class Members are forced to perform work for Defendants' benefit without compensation and "off the clock."

174.    Defendants knowingly and willfully refused to perform their obligations to provide Gonzales and the California Class Members with compensation for all hours worked.

175.    Defendants' unlawful conduct harmed Gonzales and the California Class Members by depriving them of their wages for hours worked, which they are owed under California law.

176.    Despite having knowledge or the ready ability to gather knowledge of the precise number of hours worked using basic diligence, Defendants regularly fail to compensate Gonzales and the California Class Members for all hours worked.

177.    As such, Defendants committed, and continue to commit, the acts alleged herein

knowingly and willfully, and in conscious disregard of Gonzales's and the California Class Members' rights.

178.     Accordingly, Gonzales and the California Class Members are thus entitled to recover nominal, actual, liquidated, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

**SIXTH CLAIM FOR RELIEF**
**FAILURE TO PAY OVERTIME & DOUBLE TIME**
**PURSUANT TO CAL. LAB. CODE § 510**
**(CALIFORNIA CLASS)**

179.     Gonzales brings his overtime and double time claims under the California Labor Code and IWC Wage Order(s) as a class action on behalf of himself and the other California Class Members pursuant to Fed. R. Civ. P. 23.

180.     At all relevant times, Defendants were subject to the Labor Code and applicable Wage Order(s) because Defendants were (and are) "employers" within the meaning of the Labor Code and applicable Wage Order(s).

181.     At all relevant times, Defendants employed Gonzales and the California Class Members as covered "employees" within the meaning prescribed in the Labor Code.

182.     Gonzales and the California Class Members are entitled to overtime and double-time pay, based on all remuneration, under the Labor Code and applicable Wage Orders.

183.     Labor Code § 510(a) provides:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

184.     IWC Wage Order 17-2001(4) states that employees:

> . . . shall not be employed more than eight (8) hours in any workday

Page | 22 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

or more than 40 hours in any workweek unless the employee receives one and one-half (1½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than … [o]ne and one-half (1½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek….

185.    Labor Code § 1194(a) provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

186.    Labor Code § 1198 makes it unlawful for employers, like Defendants, to employ employees, including Gonzales and the California Class Members, under conditions that violate the IWC Wage Order(s).

187.    Despite regularly working over 8 hours a workday and 40 hours a workweek as part of their normal and regular schedules, Defendants did not pay Gonzales and the California Class Members overtime wages for all overtime hours worked, including those worked "off the clock."

188.    Despite occasionally working over 12 hours a day with Defendants' knowledge of such work, Defendants did not pay Gonzales and the California Class Members double-time wages for all double-time hours worked, including those worked "off the clock."

189.    Defendants' unlawful conduct harmed Gonzales and the California Class Members by depriving them of the overtime and double time wages they are owed under California law.

190.    Accordingly, Defendants owe Gonzales and the California Class Members the unpaid balance of the full amount of overtime and double time wages owed and interest at the highest applicable rates.

191.    Finally, Defendants are also liable to Gonzales and the California Class Members for

their reasonable attorneys' fees and costs incurred in this action.

### SEVENTH CLAIM FOR RELIEF
### FAILURE TO AUTHORIZE, PERMIT, AND/OR MAKE AVAILABLE MEAL AND REST PERIODS PURSUANT TO CAL. LAB. CODE §§ 226.7 AND 512
### (CALIFORNIA CLASS)

192.    Gonzales brings his straight time wage claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of himself and the other California Class Members pursuant to FED. R. CIV. P. 23.

193.    At all relevant times, Defendants were subject to the Labor Code and applicable Wage Orders.

194.    At all relevant times, Defendants were subject to the Labor Code and applicable Wage Order(s) because Defendants were (and are) an "employer" within the meaning of the Labor Code and applicable Wage Order(s).

195.    At all relevant times, Defendants employed Gonzales and the other California Class Members as their covered "employees" within the meaning prescribed in the Labor Code.

196.    At all relevant times, Gonzales and the California Class Members were entitled to compliant, *bona fide* meal and rest periods under the California Labor Code and applicable IWC Wage Order(s).

197.    Sections 226.7 and 512 of the California Labor Code and applicable IWC Wage Order(s) require employers, like Defendants, to authorize and permit meal and rest periods to their employees, including Gonzales and the California Class Members.

198.    Specifically, Sections 226.7 and 512 of the California Labor Code and applicable IWC Wage Order(s) require employers, like Defendants, to provide employees, including Gonzales and the California Class Members, one uninterrupted 30-minute meal period when they work more than 5 hours per day and a second uninterrupted 30-minute meal period when they work more than 10 hours in a day.

Page | 24 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

199.    Similarly, Section 226.7 of the California Labor Code and applicable Wage Order(s) require employers, like Defendants, to authorize and permit employees, including Gonzales and the California Class Members, to take 10 minutes of rest time per 4 hours (or major fraction thereof) of work, and to pay employees their full wages during those rest periods.

200.    Unless employees are relieved of all active duties during their 30-minute meal period(s) and 10-minute rest period(s), the employees are considered "on duty," and the meal/rest period must be counted as time worked under the applicable IWC Wage Order(s).

201.    Pursuant to Section 226.7(b) of the California Labor Code and applicable IWC Wage Order(s), employers, like Defendants, who fail to provide an employee with a required meal and/or rest period must, as compensation, pay the employee one hour of pay at the employee's regular rate for each day that the meal and/or rest period was not authorized or permitted.

202.    At all relevant times, Defendants routinely failed to make meal periods available to Gonzales and the California Class Members.

203.    Despite long days regularly lasting in excess of 12 hours, Gonzales and the California Class Members are regularly unable to take a meal period, prevented from timely taking a meal period, and frequently interrupted during their attempted meal periods.

204.    Gonzales and the California Class Members are not paid one hour of premium pay for their missed meal periods as required by California law.

205.    Similar to meal periods, at all relevant times, Defendants regularly fail to make rest periods available to Gonzales and the California Class Members.

206.    When available, if ever, Gonzales's and the California Class Members' rest periods were often not compliant, but rather, were generally untimely and/or short.

207.    Gonzales and the California Class Members do not receive premium pay for their missed rest periods as required by California law.

Page | 25 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

208.    Defendants' unlawful conduct harmed Gonzales and the California Class Members by depriving them of compliant meal and rest periods, as well as premium pay.

209.    Defendants knowingly, willfully, or in reckless disregard carried out this pattern or practice of failing to provide Gonzales and the California Class Members compliant meal and rest periods and required premium pay for missed meal and rest periods.

210.    Accordingly, Gonzales and the California Class Members are entitled to compensation for Defendants' failure to authorize, permit, and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs of suit.

### EIGHTH CLAIM FOR RELIEF
### FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES
### PURSUANT TO LAB. CODE § 2802
### (CALIFORNIA CLASS)

211.    Gonzales brings his unreimbursed business expenses claim under the California Labor Code as a class action on behalf of himself and the other California Class Members pursuant to FED. R. CIV. P. 23.

212.    At all relevant times, Defendants were (and are) subject to the Labor Code because they were (and are) an "employer" within the meaning of the Labor Code and applicable Wage Order(s).

213.    At all relevant times, Defendants employed Gonzales and the other California Class Members as their covered "employees" within the meaning prescribed in the Labor Code.

214.    Labor Code § 2802(a) provides in relevant part: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

215.    Gonzales and other Hourly Employees incurred expenses "in direct consequence of the discharge of [their] duties." Lab. Code § 2802(a).

216.    Defendants willfully refused and continue to refuse to indemnify Gonzales and the

Page | 26 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

other Hourly Employees "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of [their] duties." *Id.*

217. Defendants' unlawful conduct harmed Gonzales and the other Hourly Employees by depriving them of reimbursements and interest they are owed under California law.

218. Labor Code § 2802(b) provides: "All awards made by a court . . . for reimbursement of necessary expenditures under this section shall carry interest at the same rate as judgments in civil actions. Interest shall accrue from the date on which the employee incurred the necessary expenditure or loss."

219. Labor Code § 2802(c) further provides: "the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

220. Therefore, Gonzales and other Hourly Employees are entitled to penalties pursuant to Labor Code § 2802, plus interest and attorney's fees.

## NINTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA'S UCL
### PURSUANT TO CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*
### (CALIFORNIA CLASS)

221. Gonzales brings his UCL claim as a class action on behalf of himself and the other California Class Members pursuant to Fed. R. Civ. P. 23.

222. California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

223. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

224. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt

Page | 27 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

225.    Beginning at an exact date unknown to Gonzales, but at least during the 4 years prior to the filing of this Complaint, Defendants committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

a.    Violations of Labor Code § 510 and IWC Wage Order 17-2001 pertaining to overtime and double time wages;

b.    Violations of Labor Code § 1194 pertaining to paying employees for all wages owed;

c.    Violations of Labor Code § 226 regarding accurate, timely, itemized wage statements; and

d.    Violations of Labor Code § 1174 pertaining to proper and accurate recordkeeping of employees' number of hours worked.

226.    Defendants' violations of these California laws and regulations, as well as the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

227.    Defendants' acts and practices described above constitute unfair, unlawful, and fraudulent business practices and unfair competition within the meaning of Business and Professions Code §§ 17200, *et seq.*

228.    Among other things, Defendants' acts and practices have deprived Gonzales and the other California Class Members of rightfully earned wages, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

229.    Business and Professions Code § 17203 provides that a court may make such orders

Page | 28 – ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

230. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged in this Complaint.

231. Defendants' unlawful conduct harmed Gonzales and the other California Class Members by depriving them of money and property, in the form of unpaid wages which are due and payable to them.

232. Business and Professions Code § 17203 authorizes the Court to restore any money or property which may have been acquired by means of such unfair competition to Gonzales and the other California Class Members.

233. Gonzales and the other California Class Members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from them during the 4-year period prior to the filing of this Complaint.

234. Gonzales's success in this action will enforce important rights affecting the public interest.

235. Therefore, Gonzales sues on behalf of himself as well as the other similarly situated California Class Members.

236. Accordingly, Gonzales and the other California Class Members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

237. Gonzales takes upon himself enforcement of these laws and lawful claims.

238. There is a financial burden involved in pursuing this action, and this action is seeking to vindicate a public right and it would be against the interests of justice to penalize Gonzales by forcing him to pay attorneys' fees from the recovery in this action.

239.    Thus, attorneys' fees are appropriately awarded to Gonzales pursuant to Code of Civil Procedure § 1021.5 and otherwise.

## TENTH CLAIM FOR RELIEF
### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### PURSUANT TO CAL. LAB. CODE § 226
### (CALIFORNIA CLASS)

240.    Gonzales brings his wage statement claim under the California Labor Code and IWC Wage Order(s) as a class action on behalf of himself and the other California Class Members pursuant to FED. R. CIV. P. 23.

241.    At all relevant times, Defendants were (and are) subject to the Labor Code and applicable Wage Order(s) because Defendants were (and are) "employers" within the meaning of the Labor Code and applicable Wage Order(s).

242.    At all relevant times, Defendants employed Gonzales and the other California Class Members as covered "employees" within the meaning prescribed in the Labor Code.

243.    Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day,

and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

244. The applicable Wage Order(s) establish similar wage statement requirements.

245. Labor Code § 226(e) provides:

> (1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

246. As a result of the aforementioned illegal practices, Defendants do not provide timely, accurate itemized wage statements to Gonzales and the California Class Members, in violation of Labor Code § 226(a) and the applicable Wage Order(s).

247. Specifically, the wage statements Defendants provide Gonzales and the California Class Members do not accurately reflect their actual hours worked, their actual gross wages earned, their actual overtime wages earned, their actual double time wages earned, their premium pay earned, or their actual gross or net wages earned.

248. Defendants' unlawful conduct harmed Gonzales and the California Class Members by depriving them of accurate wage statements they are entitled to under California law, which obscures the fact that Defendants underpaid them and prevents their ability to remedy the underpayment of due and owing wages.

249. Accordingly, Defendants are liable to Gonzales and the California Class Members for the amounts described above, plus interest.

250. Defendants are also liable to Gonzales and the California Class Members for their reasonable attorneys' fees and costs incurred in this action pursuant to Labor Code § 226(e).

**JURY DEMAND**

251.   Gonzales demands a trial by jury on all counts.

**RELIEF SOUGHT**

Gonzales, individually and on behalf of the other Hourly Employees, seeks the following relief:

a.   An Order allowing this action to proceed as a collective action under the FLSA and directing notice be sent to all the FLSA Collective Members allowing them to join this collective action by filing a written notice of consent;

b.   An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c.   An Order appointing Gonzales and his counsel to represent the interests of the Hourly Employees;

d.   An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Gonzales and the FLSA Collective Members, plus liquidated damages in an amount equal to their unpaid wages;

e.   An Order pursuant to Oregon law finding Defendants liable for unpaid wages, including overtime wages, and earned wages due and owing to Gonzales and the other Oregon Class Members, as well as all available statutory and civil penalties;

f.   An Order pursuant to California law finding Defendants liable for unpaid wages, including overtime wages, and earned wages due and owing to Gonzales and the other California Class Members, as well as all available statutory and civil penalties;

g.  A Judgment awarding Gonzales and the Hourly Employees all unpaid wages and other damages available under the FLSA, California, and Oregon wage laws;

h.  An Order awarding attorney's fees, costs, and expenses;

i.  Pre- and post-judgment interest at the highest applicable rates; and

j.  Such other and further relief as may be necessary and appropriate.

Dated: July 2, 2026.

Respectfully submitted,

**BUCHANAN ANGELI SULLIVAN & FERRER LLP**

By: /s/ Dana L. Sullivan
Dana L. Sullivan
Oregon Bar No. 944834
621 Southwest Morrison St., Suite 1250
Portland, Oregon 97205
503.974.5015 – Telephone
971.230.0337 – Facsimile
dana@basf.law

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
5847 San Felipe, Suite 2400
Houston, Texas 77057
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
5847 San Felipe, Suite 2400
Houston, Texas 77057
713-877-8788 – Telephone
rburch@brucknerburch.com

*Pro hac vice applications forthcoming

**ATTORNEYS FOR GONZALES & THE HOURLY EMPLOYEES**